W. O. GLOVER, Respondent, v. AMERICAN HOMINY FLAKES COMPANY, Appellant.

### Kansas City Court of Appeals, May 30, 1898.

1. **Appellate Practice**: SECOND APPEAL: SUPREME COURT AND COURT OF APPEALS. A court of appeals on a proper occasion may on a second appeal reopen matters determined by it on the prior appeal but it can not do so where the first appeal was determined by the supreme court, unless since such decision there has been a different ruling by that court.

2. **Pleading**: PETITION: AMENDMENT: DEPARTURE. The original petition charged that certain machinery was operated both as a hot water and steam heater and dryer while constructed as a heater and dryer only. An amendment charged that the change in the use was deceptive. *Held*, there was no change in the cause of action.

3. **Instructions**: MODIFICATIONS OF THE COURT. Where on a trial after reversal an instruction is modified to make it conform with the views of the appellate court, there is no ground for complaint.

4. **Definitions**: DECEPTIVELY: INSTRUCTION. The terms deceptive and deceptively, when used in an instruction, do not need to be defined.

*Appeal from the Jackson Circuit Court.*—HON. E. P. GATES, Judge.

AFFIRMED.

ALBERT YOUNG for appellant.

(1) Defendant's motion to strike out and demurrers to plaintiff's amended petition should have been sustained for the reason that both of said amended

petitions were departures from his original petition and set up entire new causes of action. Boone on Code Pleading, secs. 105–109; R. S. 1889, sec. 2098; Sears v. Loan Co., 56 Mo. App. 122; Griswold v. Walker, 66 Mo. App. 35; R'y v. Wyler, 158 U. S. 285. (2) The court committed error in its instructions using the word "deceptively" without defining that word for the jury. Plummer v. Kansas City, 48 Mo. App. 482; Mackin v. R'y, 45 Mo. App. 82; Clarke v. Kitchen, 52 Mo. 316; Flentge v. Priest, 53 Mo. 540. For definition of "deceptive" see "Murray's New English Dictionary on Historical Principles."

F. V. KANDER and F. B. CASE for respondent.

(1) When a case is appealed for the second time the questions of law determined on the first appeal are not open to discussion, as such matters will be considered *res adjudicata*. Chambers, Adm'r, v. Smith, 30 Mo. 156; Adair Co. v. Ownby, 75 Mo. 282; Keith v. Keith, 97 Mo. 223; Cherry v. R. R., 61 Mo. App. 303. And if the cause is tried in substantial conformity to the former decision in the same case it will be affirmed. Lane v. R. R., 35 Mo. App. 567. This rule applies with special force when the case is determined on the first appeal by the supreme court. Stillwell, Adm'r, v. Glascock, 47 Mo. App. 554. If remanded for trial on the same petition this is an adjudication that petition is sufficient. Crecelius v. Bierman, 68 Mo. App. 34. (2) The first petition and the amended petition, upon which the case was tried, state the same cause of action. (3) The word "deceptively" is one of general and ordinary use. It was used in the instructions in the usual ordinary and conventional sense; was plagiarized from the supreme court, and it would have been difficult to have found a better, and no definition was necessary.

Cottrell v. Krum, 100 Mo. 397; Henry v. R'y, 113 Mo. 525; Marble Co. v. Bauman, 55 Mo. App. 204.

ELLISON, J.—This action is for personal injuries. It resulted in a judgment for plaintiff and was appealed to the supreme court where the judgment was reversed and the cause remanded. It will be found reported in 133 Mo. 292, to which report we refer for a statement and history of the case. It was retried in the circuit court and again resulted in a judgment for plaintiff.

There is not much in this record which has not been determined by the supreme court on the first appeal. We can not re-examine matters

APPELLATE practice: second appeal: supreme court and court of appeals.

determined on the first appeal by the supreme court. While this court could, when occasion made it proper, re-examine matters on a second appeal of the same case which had been determined on the first appeal to this court, we could not do so in a case where the first appeal had been determined by the supreme court; unless since such decision there had been a different ruling by that court.

But there was an amended petition filed by plaintiff after the case was remanded by the supreme court and defendant insists that it introduced a

PLEADING: petition: amendment: departure.

new and different cause of action. The original petition charged that the machinery was operated by defendants *both* as a hot water and steam heater and drier, while it was constructed for and intended to be operated as a steam heater and drier *only*. The amendment consisted in charging that the change from a steam heater and drier to both a steam heater and drier and a hot water heater and drier was a deceptive change. There was no change of the cause of action. The original petition was based upon the idea that the machine was a steam

heater and drier and that plaintiff relying upon that fact, and not knowing of the fact that it was being operated as a hot water heater and drier was scalded in an attempt to mend a portion of the machinery. The amendment merely characterized the change from one mode of operation to another as a deceptive change. We rule the point against defendant.

The complaint as to the instructions given and refused is not well founded. Taken as a series they embody the law of master and servant as applicable to this case and we have no desire here to go over the ground again which has been so often and so fully covered. Especially do we deem it unnecessary in a case which has been fully discussed by the supreme court. The chief complaint concerning the instructions is not that the court refused defendant's statement of the general law of master and servant as applicable to a case of this nature. On the contrary the court gave such declarations. The complaint is that the court added to them the qualifying clause: "unless you further find from the evidence that said machinery had been deceptively changed as stated in the other instructions given you." This clause was, in substance, added to the principal instructions for the defense in such way as to inform the jury that if the change in the machinery had been made in such way as to deceive plaintiff then he could recover if on account of such change he was led into the dangerous work. The clause was introduced by the court evidently for the purpose of conforming to the views of the supreme court.

INSTRUCTIONS: modifications of the court.

We can discover no valid reason why it was improper to use the words "deceptively" or "deceptive" in the instructions, without defining them. If it is necessary to define to a jury the meaning of such common and well under-

DEFINITIONS: deceptively: instruction.

stood words, then the words used in the definition would, for equally as good reason, need to be defined and so on *ad infinitum*.

An examination of the whole record shows that no substantial error was committed and that the judgment was for the right party. It will therefore be affirmed. All concur.